A settlement agreement was approved by the Industrial Commission on May 19, 1993. The Order approving the clincher provided for $75,000.00 to plaintiff, and awarded plaintiff's counsel an attorney's fee in the amount of $15,000.00. This attorney's fee represents twenty percent of the total amount approved for the claimant. Plaintiff's attorney, with plaintiff's knowledge and understanding, appealed the award of this fee to the Full Commission.
The record in the case contains a retainer agreement entered into and signed by the plaintiff and his attorney. In this retainer agreement, the plaintiff agreed to a fee of twenty-five
percent of any settlement or recovery. Plaintiff's counsel, by his appeal, asks the Commission for a reconsideration of the aforementioned attorney's fee in light of the fee agreement.
N.C.G.S. 97-90(c) provides that
 [i]f the [attorney's fee] agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commissioner, the reasons therefor shall be given and what is considered to be a reasonable fee allowed.
Appeals relative to an attorney's fee go to the Full Commission for a determination as to the reasonableness or not of a fee agreement or of the fee itself. In making these determinations, the Commission must examine the record to determine the services rendered. Specifically,
 [t]he factors which may be considered by the Commission in allowing a reasonable fee include, but are not limited to, the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services.
N.C.G.S. 97-90 (c).
The undersigned have reviewed the record as a whole in this matter, and have noted that the deputy commissioner, in his Order, made no findings relative to the attorney's fee agreement, and particularly made no findings whatsoever as to the unreasonableness thereof. In light of the fee arrangement herein, and in light of the time invested and the results achieved, the Full Commission has determined that an attorney's fee of $18,750.00 is reasonable. (See Riordan v. Lorillard Corporation,
I.C. No. 107744, filed December 15, 1994 for a similar case).
* * * * * * * * * * *
Accordingly, for the reasons stated herein, the attorney's fee awarded in the May 19, 1993 Order Approving Compromise Settlement Agreement is HEREBY VACATED, and an attorney's fee of $18,750.00 is HEREBY AWARDED in this matter. IT IS ALSO HEREBY ORDERED that the remainder of the May 19, 1993 Order shall remain as filed.
This the __________ day of ____________________, 1995.
 S/ ______________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________________ COY M. VANCE COMMISSIONER